Good morning, Your Honor. May it please the Court, Christopher W. Katzenbach appealing for the appellant, Dr. Mukuriya. Your Honor, in this case, it appears to us that the question in this case is a simple question of whether or not the carrier hearing procedure is designed to handle the type of audit procedures being applied against Dr. Mukuriya. And we believe that that issue has been resolved prior, previously by this Court, in Klein v. Heckler, where the Court held that the carrier hearing procedures was not designed for the adjudication of large numbers of claims, but rather was an individual case-by-case determination. That law, that decision, has not been overruled and is still good law because the carrier hearing procedures are still the same. They're designed to have an individualized determination and not a determination through an audit or calculation of alleged overpayments or any other of the sort of massive type of review that was attempted to be used in this case. That seems to me to be a simple question of what administrative procedure is applied and is this the one? That seems to me to be a case within the jurisdiction of the court, lower court, just as it was within the jurisdiction of the lower court in Klein v. Heckler. What happened in that case doesn't say anything at all about what was preserved in this case. Has this issue been exhausted within the administrative process? I think it does, Your Honor, because in Klein v. Heckler, they proceeded directly into district court. The court of appeals then determined that they rejected the argument that they had to use the carrier hearing procedure and remanded it back to the district court to essentially tell the secretary to provide an appropriate procedure. In the subsequent follow-up case, I think it was Klein v. Sullivan several years later, the court determined that, in fact, what had happened is things had stalled for a variety of faults and that the secretary had never provided an administrative procedure, but in that case, the plaintiff had not actually pushed hard on that. Looking at it again in the subsequent case, Klein v. Sullivan, as I believe the outcome was that the court remanded it back to the district court for a district court trial on those issues. But now that the statute has been changed so that the carrier hearing procedure does lead to judicial review and with the Illinois counsel case, how does that now get you from your hearing, carrier hearing, to have jurisdiction in the district court? I don't believe that the change in judicial review procedures changed the nature of the carrier review procedure. In fact, quite to the contrary, if you look at the amended law, which allowed where Congress enacted judicial review, talked about allowing judicial review for certain smaller claims, it does permit the aggregation of certain claims, but only under limited circumstances. In other words, you can aggregate claims for purposes of this judicial review only if there are claims involving the same treatment for a single beneficiary or for several beneficiaries if they involve common questions of both law and fact. Now, under the regulations, the carrier hearing regulations, there are provisions there for aggregation of claims, none of which provide anything more than for the I don't think that in adding this judicial review procedure, Congress necessarily intended to change the carrier hearing procedure from the adjudication of individual claims under individual circumstances to an audit and review procedure. You're saying it's not applicable, but doesn't Illinois counsel suggest that if you have a procedure that leads to judicial review, you need to raise your claims even if they're not specifically contemplated by the statute? No, Your Honor. I believe Illinois counsel involved a situation where the court addressed what the procedures were. In that case, that was a preemptive or a pre-challenge to certain Medicare regulations. The question, the court expressly noted that the secretary had created a specific procedure to adjudicate that, to adjudicate the application of these regulations involving certain penalties, and that following that procedure would allow the parties in that case to present the very issue in the very appropriate way the regulations contemplated. In other words, what the court was concerned about in Illinois counsel was sort of a preemptive strike in the face of regulations that were specifically enacted to govern the specific issue that the parties were seeking to have adjudicated. Now, if they had a regulation dealing with hearing procedures for audit and recoupment claims, then certainly that would be a case for exhaustion. The problem here is not that. The problem here is the carrier hearing ones, carrier hearing regulations do not purport to be and are not the type of regulatory procedures designed for that. And even with the expansion of judicial review in the 1986 amendments, there is no indication that the Congress conceived that the carrier hearing procedures would be anything other than what they were before, namely the adjudication of individual claims on an individualized basis, just like they were adjudicated before, with a slightly expanded area for judicial review. Certainly if Congress had intended to have a, to use this procedure for the type of statistical auditing practices, then you'd see two things. First of all, one would imagine that Congress would. Let me stop you. We've got shifts passing in the night here. I'm sorry. You're telling us why it is the carrier hearing procedure shouldn't apply to this case. And I think the questions we've posed to you have focused on the failure to pursue that complaint through the adjudication system in the executive branch. And why is it that the changes in the statute don't direct you to the executive branch for that complaint before you can come here? For the same reasons the Court said in Klein v. Heckler, that if the secretary is not provided a procedure that's appropriate, that is designed for this, then we don't have an obligation to exhaust. What about Illinois counsel? Illinois counsel talks about a channeling function. If the court, if the secretary still doesn't have regulations to channel particular disputes like this audit dispute into regulations, and I'm not saying the secretary could not create such regulations, it just has not done so, then there is no obligation to exhaust. Otherwise, the court would be faced with the following problem. The court, the secretary, any agency could say, we have this procedure over here. Every agency does. You have to, quote, exhaust that procedure, whether that applies to you by regulation or not. We say now you have to exhaust it merely because we say you have to exhaust it. It seems to me that the function of both the law and the regulations is a different one. Namely, it's to say if you have this procedure and you fall in that type of category, then you have to exhaust. But it does not say that you don't, you have no right, you have to exhaust procedures that don't apply to you, that on their face don't apply to you, that are designed to deal with a different situation. You have to simply go through the regulations. Doesn't Illinois counsel address that specifically? It says the fact the agency may not provide a hearing for that particular contention or may lack the power to provide one is beside the point. Well, Your Honor, when it says that, they're talking about in terms of regulations about contentions, not regulations applicable to disputes. In other words, they are saying in that context, if you wish to make a particular argument, you can make the argument in the context of procedure that has been created to adjudicate this particular dispute. They are not saying, and that just did not involve carrier hearings, but that case. But they're not saying that any time any agency procedure that is, that could be applied or any agency procedure that the agency says we would like to, you know, impose on you, they can do so regardless of the nature of the regulations, regardless of the statutory authorizations, and regardless of whether that is the procedure that has been actually devised for that resolution. Whereas in this case, we have other procedures that have been, that are subject to the regulations designed to deal with overpayment issues and other matters involving this issue. They are not the carrier hearing procedure. So under this, under that theory, then, the Court, so the Court is not, was never talking about a situation of procedure, because the Court said in detail why this procedure applied under the regulations. Rather, they're talking about what arguments you can make once we know the procedure applies to you. So I think that comment is not a broader than, than if the procedure applies, you have to make your arguments there. The question we're asking is, this procedure doesn't apply. I'll reserve 26 seconds. May it please the Court. Excuse me. I'm Steven Saul Teel, appearing on behalf of the APALEE, Secretary of Health and Human Services. The issue in this case, Your Honors, is whether the district court had jurisdiction to review a denial of a request for an ALJ hearing that was untimely. Under the Medicare statutory scheme, judicial review is limited under 42 U.S.C. Section 405G to a final decision of a secretary made after a hearing. The question for the district court was whether the denial of an ALJ request as untimely was a final decision made after a hearing. And applying the Supreme Court's decision in Califano against Sanders and decisions from this Court and other courts of appeals, it found that it was not. The appellant's argument. Who makes the decision as to whether there's going to be a hearing? The ALJ, in the first instance, determines whether there's good cause for hearing the ‑‑ for holding a hearing on a request that's untimely. The appellant had 60 days to request a hearing. I mean, what just seemed odd to me here, and I haven't given it much thought, but it seemed odd to me that it suggests that a decision by an ALJ whether or not to hold a hearing is, according to the argument just made, control of the gate as to whether or not any court can ever look at that decision. Well, does that seem right? Yes, Your Honor. The only decision that was made was whether a hearing could be held that was ‑‑ the request was made two years after the period ran to request the hearing. Counsel, that wasn't the end of the story here in that he appealed and ultimately the secretary denied. He didn't dismiss. He denied. And all the cases that I look at say that that is an appealable order. It's final and it's appealable. The appellant appealed to the Departmental Appeals Board from the ALJ's denial of his request for a hearing. And then to the secretary. And then, I believe, Your Honor, the secretary adopted the findings as a final decision as any other decision in the administrative process would be adopted once it ends, once review ends. I'm not sure how significant that is in this case, but I think that that is reviewable. And which, Your Honor, just so I understand, which decision is reviewable? The decision of the secretary to deny any relief. He says, okay, the ALJ's opinion was fine because there was no timely appeal to it, no proper request. And that went on up. And if it had been dismissed, I would agree with you, but he didn't dismiss it. He denied it. Well, all decisions ultimately go to the secretary and then become final determinations. Yeah. We would respectfully submit, respectfully submit, Your Honor, that under the cases that we've cited in our brief, that that determination, determination that a request for an ALJ was untimely is not a final decision after a hearing, which of which judicial review is limited to under the statute. There is no general federal question jurisdiction under the, under these determinations under the Medicare statute. All that would be decided was whether the denial was correct and that the ALJ was correct. And I can't – your cases talk about you were citing dismissed cases, not denied. Well, the reasoning under, for example, the Califano v. Sanders decision is if an agency official can make a determination without a hearing, has the discretion to make a determination without a hearing, then it can't be a final determination after a hearing within the meaning of 42 U.S.C. section 405G. And for that reason, there is no jurisdiction because jurisdiction is limited. That's our question. That's your position. Thank you. The Kline decision that the appellant relies on almost exclusively is, is not, does not stand for the broad proposition that he states and, in fact, is an opposite to this case. That case arose from a fraud investigation that was initiated by the Secretary, not a carrier review of claims to determine whether they were medically necessary or supported by documentation. In that case, the Secretary informed Kline – well, first, there was an investigation, a fraud investigation, and the Secretary suspended – used the suspended suspension and recoupment regulations to suspend payments and then tried to collect a debt from those suspended payments. The Secretary informed Kline in that case that the only review of the existence of the debt and the amount of the debt was by the carrier. And under the statute as it existed at that time, there was no judicial review or ALJ review, for that matter, of Part B benefit determinations. The Court found, this Court found in that case, that the case arose from a fraud investigation, therefore a different statute applied, and that was 42 U.S.C. section 1395Y, which authorized the Secretary to investigate fraud and to suspend payments and also, more importantly, had a specific judicial review provision in it. So faced in that case with no review of Part B determinations or this fraud statute, which did provide review, the Court found that the fraud statute applied and therefore there was judicial review or jurisdiction to review the determination. Unlike Kline, this case arose from a carrier determination that services were not medically necessary and that they were not sufficiently documented. There was no fraud investigation underlying this determination. Also unlike Kline, the appellant here had administrative and judicial review available under the regulations. However, he failed to invoke them. Is it the government's position that the carrier review procedures are applicable to this sort of audit and recovery process? Yes, it is. It is the government's position they are applicable, and they have been applying them for quite some time in this way. The regulations that appear in the appellant's opening brief or appended appear at 42 CFR section 405.801 and what follows. Under those regulations, the carrier is authorized to review and to revise initial determinations of benefits. And the provider has the right to de novo review before an ALJ of those revisions and then appeals board review and then filing to the district court if he stays within the administrative channels. So that issue isn't really before us, though, is it? We don't believe it is, Your Honor. We believe the issue is jurisdiction. And in fact, under the Illinois counsel case, the appellant was required to raise that challenge through the administrative channels that were provided to him. In addition, the regulations that the appellant does point to as being applicable are not applicable. Those are regulations that govern suspension and recoupment of an outstanding debt. That's a process that the Secretary, it's a further step, that the Secretary has not taken in this case, could take. And those regulations would only apply after an overpayment determination was made using the procedures that were made available to the plaintiff here. I'm sorry, to the appellant here. Unless Your Honor has any further questions, I will sit down. Thank you. I would direct your, in terms of the applicable law, I would direct your attention to 42 U.S.C. 1395 D.D.D., which is part of our second statutory appendix. That's the section which apparently gives the authority to engage in auditing of suppliers. That does not reference in any way the carrier hearing procedure. It doesn't look like there's no connection between the two. With regard to the adoption of the decision by the Secretary, I believe we've covered that in our brief. I'm happy to answer any questions on that. But seeing I'm out of time, I wouldn't want to go over what I've said in our brief Thank you. Thank both counsel for the argument. The case just argued is submitted.
judges: B. Fletcher, Clifton, Ikuta